## Case No. 7,279.
JENKS v. LEWIS.

[3 Mason, 503.] [1]

Circuit Court, D. Maine. May Term, 1825.

Mr. Davis, for libellant.
Mr. Longfellow, for respondent.

[1 Ware (51) 43.] [1]

District Court, D. Maine. Nov. 16, 1824.

C. S. Daveis, for libellant.
Fessenden and Deblois, for respondents.

WARE, District Judge. This is a libel by the cook against the master and mate of the brig Abeona, for combining to oppress and ill-treat the libellant, and various instances

---

[1] [Reported by William P. Mason, Esq.]

[1] [Reported by Hon. Ashur Ware, District Judge.]

of assaults and other ill-usage are specified in the libel, both by the master and the mate. Upon an examination of the witnesses, it appears that every instance of assault complained of, was committed either by the master alone, or by the mate alone. No case was proved in which they were jointly concerned; and there is a total failure of direct evidence of any concert, agreement, or understanding between the respondents to harass or ill-treat the libellant; nor does a presumption of any considerable force arise in favor of the fact, from the whole series of torts. Each particular case was preceded by some real or imaginary provocation which was sufficient to account for the assault, if not to justify it, without recurring to any supposed understanding and concert between the officers, with a view to the general oppression or ill-treatment of the man. Now it is inconsistent with every principle of correct reasoning, when an adequate cause is shown, to attribute an effect to a different cause, which is unsupported by proof. The libel, therefore, considered as an action for a combination in the nature of a conspiracy, fails for want of proof. The counsel for the libellant then contends that it may be supported as an action for a joint assault. The objection to this is, that the libel, in its original structure, is not framed as for a joint assault. Several of the specifications are of assaults when only one of the respondents was on board the vessel, and there can be no pretence for charging this as the tort of the party absent, unless there is proof of a previous concert and understanding between the two, that is, unless the combination is first proved. The allegation of a combination therefore becomes a substantive allegation indispensable to the admission of the testimony in support of the greater part of the matter of the libel.

The rules of pleading in the admiralty do not require all the technical precision and accuracy which is necessary in the practice of the courts of common law. But they require that the cause of action should be plainly and explicitly set forth, not in any particular and sacramental formula, but in clear and intelligible language, so that the adverse party may understand what is the precise charge which he is required to answer, and make up an issue directly upon the charge. The evidence must be confined to the matters put in issue by the parties, and the decree must follow the allegations and proofs. The main allegation in this case, and that which gives unity to the libel, is a combination to oppress and ill-treat the libellant. It is the gravamen of the cause, and strictly no evidence is admissible unless it tend to prove this allegation. The libel might be amended so as to assume the form of a libel for a joint assault. But the evidence will not support such a libel. Every instance specified and proved is a separate assault either

of the master or mate, and entirely disconnected, in every view, from all the others. My opinion is, upon the whole, that the present libel cannot be sustained, and must be dismissed, but it is dismissed without costs.